RAMIREZ, J.
We have for review a case in which the plaintiff in a personal injury action appeals from a final judgment enforcing a settlement agreement. For the following reasons, we affirm.
Amelia Javier was injured in an incident at Home Depot on December 11, 1999. She filed a lawsuit against Home Depot in May of 2000. On October 11, 2000, Javier served a proposal for settlement. Under the proposal, Javier sought monetary compensation in the amount of $159,999.00. The second paragraph of the October 11, 2000, settlement proposal erroneously stated that “[t]he claim to be resolved is the uninsured/underinsured motorist claim of December 1, 1994.” Home Depot did not *111 accept and the offer expired on November 10, 2000.
On November 27, 2000, Javier’s attorney submitted a document entitled “Corrected Proposal for Settlement (as to Paragraph Number 2 Only).” Other than the heading and Paragraph 2, the text of the proposal was identical to the prior offer.
Three weeks later, at a court appointed mediation, Javier advised that she had undergone a second, invasive, surgical procedure to repair her injuries. This procedure had taken place the day before the mediation. Shortly thereafter, Home Depot served a document entitled “Acceptance of Corrected Proposal for Settlement.” The trial court entered an order enforcing settlement.
Javier admits that the November 27, 2000, document acted as a second proposal for settlement.[1] Javier argues, however, that the trial court should not have entered an order enforcing the settlement agreement because her trial attorney did not have the authority to submit a second offer of settlement. We disagree.
There is no dispute that Javier authorized her attorney to make an offer containing the terms that were made a part of the October 11, 2000, proposal. The terms of the November 27, 2000, offer were identical to those contained in the original. The only difference between the two proposals was the correction of the aforementioned erroneous statement which included the date and a brief description identifying the underlying incident. There is nothing in the record to indicate that Javier revoked her attorney’s authority to make an offer containing these specific terms. Additionally, there is no record evidence that Javier ever imposed any new or further conditions on any subsequent offer. The authority of Javier’s attorney was not automatically, retroactively revoked merely because Javier underwent additional surgery after the second proposal had already been submitted. Javier’s attorney could have withdrawn the second offer as soon as Javier became aware of the change in her circumstances. See section 768.79(5), Fla. Stat. (2000); Fla. R. Civ. P. 1.442(e). He never did this. The apparent lack of communication between Javier and her attorney regarding the change in her circumstances is not Home Depot’s fault.
Javier’s argument concerning lack of authority might be more persuasive if the record showed that she became aware of her change in circumstances prior to the submission of the second offer. However, Javier failed to proffer any evidence below as to precisely when she was told of her need to have additional surgery. If Javier had become aware of the need for additional surgery before November 27, 2000, it was her burden to inform the trial court and request an evidentiary hearing on the matter. She failed to do this.[2] Rather, she simply offered to submit an affidavit in which she asserted that she became aware *112 of the need for additional surgery “[a]fter the expiration of the Proposal for Settlement,” without specifying exactly when she acquired this information.
Consequently, based upon the record before us, we cannot agree with Javier’s contention that her attorney did not have the authority to make an offer on November 27, 2000, with terms identical to a previously submitted, recently expired offer consisting entirely of terms that she undisputedly authorized. Accordingly, the final judgment enforcing settlement is affirmed.

. We agree with the trial court’s determination that the November 27, 2000, document acted as a second proposal for settlement. As a result of appellate counsel’s concession, however, we refrain from further discussion on this matter.

. This is hardly surprising, as Javier’s argument that her attorney lacked authority to settle seems like an afterthought. She first moved to strike the acceptance on the grounds that the proposal was only a "correction” that Home Depot could not accept. She also asserted that the proposal was served forty-two days before trial and could thus not be accepted. Javier initially prevailed on the second ground and it was not until Home Depot’s motion for rehearing had been granted that she asserted for the first time that her attorney lacked the authority to settle.